UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT H WOLCOFF and HEATHER WOLCOFF, | )<br>)<br>) |
| Plaintiffs, | )  3:08-cv-00032-JWS<br>) |
| vs. | )  **ORDER AND OPINION**<br>) |
| | )  [Re: Motions at Docket 54 and 62] |
| UNITED STATES OF AMERICA;<br>ANN-MARIE YOST, | )<br>)<br>) |
| Defendants. | )<br>) |

## I.  MOTIONS PRESENTED

At docket 54, plaintiffs Robert H. Wolcoff and Heather Wolcoff move for leave to file a second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a) in order to add two causes of action and "clarify and elaborate upon" their theories.  At docket 56, defendant Dr. Ann-Marie Yost opposes the motion, arguing that amendment would be futile because plaintiffs' additional causes of action against Dr. Yost are not recognized under Alaska law.  Plaintiffs reply at docket 61.  Oral argument would not assist the court.  Therefore, plaintiffs' motion for oral argument at docket 62 is denied.

## II. BACKGROUND

At docket 24, the court granted leave to plaintiffs to file their first amended complaint ("FAC") to add Dr. Yost as a defendant. Now, plaintiffs seek leave to file a second amended complaint ("SAC") to add two causes of action against Dr. Yost and "clarify and elaborate upon" their original theories as they apply to Dr. Yost.[1] Like plaintiffs' FAC, plaintiffs' SAC allege that in 2003 Robert Wolcoff was experiencing pain in his back, hip, and leg; he was eventually diagnosed with a disc herniation and underwent lumbar surgery at Alaska Native Medical Center ("ANMC") on June 22, 2005.[2] Mr. Wolcoff underwent two additional lumbar surgeries after this date.[3] In addition, Mr. Wolcoff underwent two additional surgeries to drain the post-operative wound, which he alleges became infected.[4] Mr. Wolcoff alleges that he was eventually fitted with a spinal cord stimulator to assist with pain control.[5] Mr. Wolcoff claims that he was a poor candidate for surgery, the first surgical procedure was inadequate, which led to the necessity of the second procedure and caused his infection.[6] Mr. Wolcoff, together with his wife, now seek damages for pain, suffering, loss of enjoyment of life, emotional distress, and loss of consortium.[7]

---

[1] *See* Docket 54, Exhibit A ¶¶ 19, 24, 27, and 32.

[2] *Id.* ¶ 13.

[3] *Id.* ¶ 14; Docket 38 ¶ 14.

[4] Docket 54, Exhibit A ¶ 15; Docket 38 ¶ 15.

[5] Docket 54, Exhibit A ¶ 15.

[6] *Id.* ¶¶ 16-17.

[7] *Id.* ¶ 17.

Although plaintiffs allege six causes of actions in their SAC, only two distinct theories are stated. First, plaintiffs allege a traditional medical malpractice claim against the United States under the Federal Tort Claims Act ("FTCA") and Dr. Yost under Alaska law for negligence arising from Mr. Wolcoff's treatment and surgeries.[8] These allegations remain mostly unchanged from plaintiffs' FAC, except to the extent plaintiffs have incorporated references to Dr. Yost and defendants' state of mind with respect to Count II which are closely related to the new claims they seek to plea. Second, plaintiffs allege two claims, styled as a claim for "informed consent" and a claim for negligence respectively, against Dr. Yost for concealing from plaintiffs (1) the fact that Dr. Yost was not an employee of ANMC, but an independent contractor; and (2) that Dr. Yost had allegedly been professionally disciplined by the Washington and Alaska medical boards.[9] These allegations are entirely new, and are the focus of the briefing submitted by the parties in connection with plaintiffs' motion at docket 54. The court addresses the parties' various arguments pertaining to plaintiffs' additional claims.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that, after the initial period for amendments as of right, pleadings may be amended only by leave of court, which "leave shall be freely given when justice so requires." "A district court, however, may in its discretion deny leave to amend 'due to undue delay, bad faith or dilatory motive on

---

[8]Docket 54, Exhibit A (Counts I, II, III, and IV).

[9]*Id.* (Alternative Counts I and II; Count II ¶ 24).

-3-

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"[10] "[F]utility includes the inevitability of a claim's defeat on summary judgment."[11] "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'"[12]

## IV.  DISCUSSION

Plaintiffs allege two new claims against Dr. Yost, styled as a claim for "informed consent" and "negligence," both of which allege that Dr. Yost failed to disclose her employment status as an independent contractor and a previous investigation by the Washington and Alaska medical boards.  Moreover, plaintiffs seek to amend paragraph 24 of their existing Count II to allege, against both defendants, fraud and/or negligent misrepresentation in connection with Dr. Yost's alleged failure to disclose her status as an independent contractor or her disciplinary history.  Dr. Yost opposes plaintiffs' motion on the ground that "the purported amendments do not allege a cognizable informed consent claim under Alaska law."[13]  Rather, Dr. Yost claims that plaintiffs misunderstand

---

[10]*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

[11]*California ex rel. California Dept. of Toxic Substances Control v. Neville Chemical Co.*, 358 F.3d 661, 673 -674 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)).

[12]*Zucco Partners, LLC*, 552 F.3d at 1007 (quoting *In re Read-Rite Corp. Sec. Litig.*, 335 F.3d 843, 848 (9th Cir. 2003)).

[13]Docket 56 at 2.

the nature of an informed consent claim (which involves a failure to disclose medical risks, benefits, and alternatives to surgery) and, in any event, that Dr. Yost has no legal duty to disclose her employment status with the hospital or her disciplinary history. Plaintiffs counter that one such risk of surgery is ensuring that "the procedure [is] being performed by a surgeon with appropriate qualifications" and that an alternative to the proposed treatment "is to use a better-qualified surgeon."[14]

Alaska's informed consent statute, AS § 09.55.556, provides that "[a] health care provider is liable for failure to obtain the informed consent of a patient if the claimant establishes by a preponderance of the evidence that the provider has failed to inform the patient of the common risks and reasonable alternatives to the proposed treatment or procedure, and that but for that failure the claimant would not have consented to the proposed treatment or procedure."[15] Dr. Yost points to the leading Alaska Supreme Court decisions discussing informed consent[16] in support of her argument that AS § 09.55.556 and its interpretive jurisprudence "focus on the 'common risks and reasonable alternatives to the proposed treatment or procedure,' . . . [and] does not include employment law, medico-legal history and other extraneous and non-medically related information."[17] The court agrees.

---

[14]Docket 61 at 2.

[15]AS § 09.55.556.

[16]*See Marsingill v. O'Malley* (*Marsingill II*), 128 P.3d 151, 157-58 (Alaska 2006); *Harrold v. Artwohl*, 132 P.3d 276, 280 (Alaska 2006); *Marsingill v. O'Malley* (*Marsingill I*), 58 P.3d 495, 503 (Alaska 2002); *Korman v. Mallin*, 858 P.2d 1145, 1148 (Alaska 1993).

[17]Docket 56 at 6.

While Alaska law generally indicates that courts should "measure the physician's duty of disclosure by what a reasonable patient would need to know in order to make an informed and intelligent decision,"[18] this instruction has been given in the context of the existing statutory framework. Thus, although one may reasonably argue that a patient might desire to know his or her physician's employment status or disciplinary record before consenting to a procedure, there is nothing in AS § 09.55.556 or Alaska jurisprudence suggesting that physicians are under an additional duty to inform their patients of anything other than the risks of and alternatives to a proposed treatment or procedure. This court declines to extend the informed consent doctrine beyond its statutory parameters or to create a new duty requiring physicians to disclose their educational and professional backgrounds to their patients. Whether to create some new duty, and the extent thereof, falls within the province of the Alaska legislature. Plaintiffs' proposed amendment is therefore futile and their motion is denied.

## V. CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend at docket 54 is **DENIED**. In addition, plaintiffs' motion for oral argument at docket 62 is **DENIED**.

DATED at Anchorage, Alaska, this 3rd day of September 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[18] *Harrold*, 132 P.3d at 280.