

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT H. WOLCOFF and<br>HEATHER WOLCOFF,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>ANN-MARIE YOST,<br><br>　　　　　Defendants. | 3:08-cv-0032-JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at Dockets 89 and 107] |

## I. MOTIONS PRESENTED

At docket 89, defendant Dr. Ann-Marie Yost renews her motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on the statute of limitations for claims against Dr. Yost. Plaintiffs Robert H. Wolcoff and Heather Wolcoff oppose the motion at docket 98. At docket 99, the Wolcoffs filed supplemental exhibits to their opposition brief. Dr. Yost replies at docket 105.

At docket 107, Dr. Yost moves to strike the portion of plaintiffs' opposition brief referring to a pending action of the Alaska State Medical Board against Dr. Yost. No response was filed.

Oral argument was heard on August 11, 2010.

## II. BACKGROUND

Robert Wolcoff is a lifelong Alaskan, who is eligible for and has sought medical treatment almost exclusively from the Alaska Native Medical Center, which is operated by the Federal Government Indian Health Service. In June 2005, Robert experienced some back problems, and ANMC routed him to a neurosurgeon, Dr. Yost. It is undisputed that Robert underwent surgery performed by Dr. Yost on June 22, 2005. After submitting an administrative claim to the United State Department of Health and Human Services, the Wolcoffs filed a medical malpractice suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. on March 3, 2008. Process was served on March 5, 2008. In their complaint, they alleged that Dr. Yost was a federal employee. After discovering by means of the government's answer that Dr. Yost was an independent contractor, and not an employee of ANMC or the United States, the Wolcoffs added claims against Dr. Yost on March 30, 2009. Summons was issued to Dr. Yost on April 6, 2009.

Dr. Yost says that discovery confirms that she was indeed an independent contractor temporarily hired *locum tenens* at ANMC from Vista Staffing Solutions. Dr. Yost argues that discovery documents show that she was paid by Vista, not ANMC. Dr. Yost contends that the Wolcoffs are barred from asserting claims against her because the two-year statute of limitation for tort actions under Alaska law has run. Dr. Yost argues that, despite the Wolcoffs' ignorance of her employment status, they had reason to know of Dr. Yost's status as an independent contractor based on Dr. Yost's badge identifying her as an "ANMC contractor," which should have been apparent to him because Robert was employed as an ANMC security guard. Dr. Yost further argues

that the Wolcoffs did not exercise the appropriate diligence in discovering her employment status, and should therefore be precluded from pursuing their claims against her.

The Wolcoffs dispute that Dr. Yost was, in fact, an independent contractor, and point to facts gleaned during discovery which they contend establish Dr. Yost's employment relationship with ANMC. Specifically, the Wolcoffs argue that (1) Dr. Yost's application to ANMC indicated that she would "join the Medical Staff at the Alaska Native Medical Center," (2) that other items in her application packet referred to her "employment" with ANMC, (3) that Vista only acted as a payroll servicing entity, and nothing more, and (4) that certain forms filled out in the course of Dr. Yost's tenure at ANMC indicated that she was an "employee." The Wolcoffs also dispute that they knew of Dr. Yost's employment status either at the time of the surgery, and point to the pre-operative consent form referring to "Dr. Yost of the Alaska Native Medical Center."[1] Robert contends that he was unaware that Dr. Yost's security badge indicated that she was a contractor, and still believes that Dr. Yost was an employee of ANMC at the time of the operation.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to

---

[1] Docket 98, Exhibit 1 at 5.

show that material facts are not genuinely disputed.[2] To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[3] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[4] The court must view this evidence in the light most favorable to the nonmoving party, must not assess its credibility, and must draw all justifiable inferences from it in favor of the nonmoving party.[5] The "district court is 'not required to comb the record to find some reason to deny a motion for summary judgment.'"[6]

## IV. DISCUSSION

### A. Statute of Limitation for Claims Against Dr. Yost

The two issues before the court are (1) whether Dr. Yost was, in fact, an employee of ANMC and, if not, (2) whether the Wolcoffs' claims against Dr. Yost are time-barred. With respect to the first question, the Ninth Circuit held in *Carillo v. United States* that "[t]he critical test for distinguishing an agent from a contractor is the

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3] *Id.* at 325.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[5] *Id.* at 255; *Soldano v. United States*, 453 F.3d 1140, 1143 (9th Cir. 2006) (citation omitted).

[6] *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific N.W. Bell Tel Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).

-4-

existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agency must comply with federal standards and regulations."[7] All circuit courts "are unanimous in holding that a contract physician is not an employee of the government under the FTCA."[8] Although it is suggested by the Wolcoffs that the "control" test outlined above should be modified in the case of physicians exercising their own professional judgment, the Ninth Circuit has rejected this suggestion as dictum from a decision of the Tenth Circuit.[9]

In Alaska, whether an individual is an independent contractor depends on a variety of factors derived from the Restatement (Second) of Agency:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;
>
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
>
> (f) the length of time for which the person is employed;
>
> (g) the method of payment, whether by the time or by the job;

---

[7] 5 F.3d 1302, 1304 (9th Cir. 1993)

[8] *Id.*

[9] *Id.* at 1305 (citing *Lurch v. United States*, 719 F.2d 333, 337 (10th Cir. 1983)).

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.[10]

As in *Carillo*, the most important of these factors is "whether the alleged master had the right to control the manner of performance of the work."[11]

The Wolcoffs have failed to present material disputed facts sufficient to meet their summary judgment burden with respect to Dr. Yost's employment status. Neither the informed consent form, nor Dr. Yost's application to ANMC or any of the forms filled out by Dr. Yost during her tenure at ANMC show ANMC's control over her work sufficient to establish that Dr. Yost was an employee of ANMC, particularly in light of all the evidence to the contrary. The Wolcoffs' claim that Vista only acted as a payroll servicing entity, and nothing more, is the only argument that comes close to establishing a master-servant relationship between ANMC and Dr. Yost. But it is merely an argument, and not supported by the record. The documentary evidence and deposition testimony clearly establish that Dr. Yost was a contract physician paid and insured by Vista. As Dr. Yost correctly argues, accepting the Wolcoffs' argument with respect to her employment status would be tantamount to "engraft[ing] a new element into Ninth Circuit law: whether the plaintiff believed the defendant was an employee or not." This the court declines to do.

---

[10] *Anderson v. PPCT management Systems, Inc.*, 145 P.3d 503, 507 n.6 (quoting Restatement (Second) of Agency § 220(2) (1958)).

[11] *Anderson*, 145 P.3d at 508.

Case 3:08-cv-00032-SLG   Document 111   Filed 08/12/10   Page 6 of 11

Having concluded that Dr. Yost was an independent contractor, the next question is whether the Wolcoffs' claims against Dr. Yost are time-barred. In Alaska, the statute of limitation for recovery in tort or personal injury is two years "after the cause of action had accrued."[12] "Ordinarily, a personal injury action 'accrues' when the plaintiff is injured."[13] "However, Alaska, along with most other American jurisdictions, has adopted the discovery rule under which the statute does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of the elements essential to his cause of action."[14] Importantly "[a]lthough the need for the discovery rule is most clear in cases where the plaintiff's injury is undiscovered and reasonably undiscoverable within two years after it was caused, it also applies to cases where the injury is known but its cause is unknown and reasonable diligence would not lead to its discovery."[15]

Specifically, the discovery rule applies to prevent the running of the statute of limitation until a person discovers or reasonably should have discovered "all the elements essential to the cause of action."[16] The parties dispute whether Dr. Yost's employment status constitutes an "element essential to the cause of action." Dr. Yost says that her employment status is not an element in a negligence claim in general or in

---

[12] AS § 09.10.070.

[13] *Pedersen v. Zielski*, 822 P.2d 903, 906 (Alaska 1991) (citing *Mine Safety Appliances Co. v. Stiles*, 756 P.2d 288, 291 (Alaska 1988)).

[14] *Ibid.*

[15] *Peterson*, 822 P.2d at 907 (citing *Hanebuth v. Bell Helicopter Int'l*, 694 P.2d 143, 144 (Alaska 1984)).

[16] *John's Heating Service v. Lamb*, 129 P.3d 919, 923-24 (Alaska 2006).

a medical malpractice claim. Dr. Yost further argues that the Wolcoffs were free to investigate her employment status anytime, and that they had reason to know she was not employed by ANMC. Dr. Yost points to the fact that her security badge at the time of the surgery identified her as an "ANMC contractor." This, she claims, should be dispositive of the Wolcoffs' knowledge of her status because Robert was employed by ANMC as a security guard. The Wolcoffs insist that they had no reason to know of Dr. Yost's employment status, and that Dr. Yost's independent contractor status would be an essential element in a state negligence action triggering the discovery rule.

The discovery rule does not apply to toll the running of the statute of limitations. In a medical malpractice action, the discovery rule operates to ensure that "accrual does not occur until a plaintiff knows of both the existence of an injury and its cause."[17] Here, it is undisputed that the Wolcoffs discovered the factual basis necessary to support their claims almost immediately after the June 22, 2005 surgery when Robert discovered that he would need an additional surgery.[18] The Wolcoffs retained counsel within the two year statute, and diligent counsel should have advised them of the need, for purposes of either a suit under the FTCA or state law, to discover the employment status of Robert's surgeon. The Wolcoffs now argue that certain legal barriers prevented them from learning Dr. Yost's employment status. While it may have required some effort to ascertain Dr. Yost's employment status, the court believes that such information could and should have been discovered by a diligent inquiry. However, the Wolcoffs made no

---

[17] *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008)

[18] If Dr. Yost's employment status is as essential as the Wolcoffs now claim, one would think they would have investigated it before the statute of limitation ran.

attempt to discover Dr. Yost's employment status. The discovery rule is not meant to reward such a lack of diligence, and the court therefore concludes that the Wolcoffs reasonably should have discovered of Dr. Yost's employment status before the statute ran.

What the Wolcoffs actually seek is equitable tolling. The remaining question before the court, therefore, is whether the statute governing the Wolcoffs' claims should be equitably tolled until such time as they were able to discover Dr. Yost's employment status. "'Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period.'"[19] "The doctrine applies 'in situations where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim,' or where the party invoking the doctrine 'has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"[20] "The doctrine 'is not available to avoid the consequence of one's own negligence,' and does not apply 'when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'"[21]

Although not binding on this court, the First Circuit's decision in *Gonzalez v. United States* is highly persuasive.[22] In *Gonzalez*, the Court of Appeals held that a medical malpractice plaintiff who failed to make "any inquiry whatsoever" into the

---

[19]*Hensley*, 531 F.3d at 1057 (quoting *Lehman v. United States*, 154 F.3d 1010, 1013 (9th Cir.1998)).

[20]*Hensley*, 531 F.3d at 1057 (citations omitted).

[21]*Id.* (citations omitted).

[22]284 F.3d 281 (1st Cir. 2002).

-9-

Case 3:08-cv-00032-SLG Document 111 Filed 08/12/10 Page 9 of 11

employment status of her physicians, and who failed to "make a showing of due diligence" as to her investigation, was not entitled to equitably toll the statute of limitations.[23] Similarly, the Wolcoffs have failed to make a showing of due diligence as to their investigation. The burden was on the Wolcoffs "to determine whether and whom to sue, within the applicable statute of limitations."[24] The Wolcoffs did not exercise due diligence to investigate Dr. Yost's status at the time of the accident, and the government did not engage in any fraudulent concealment, misconduct, or trickery that would have lulled the Wolcoffs into letting their rights lapse. Therefore, the court declines to equitably toll the statute of limitations for the Wolcoffs' claims against Dr. Yost.

**B. Motion at Docket 107**

One additional matter raised in the context of Dr. Yost's motion for summary judgment concerns statements made in the Wolcoffs' opposition brief about a pending action of the Alaska State Medical Board against Dr. Yost. Dr. Yost moves to strike references to the pending action as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403. The court agrees. Dr. Yost's credibility was not dispositive of the pending motion concerning the statute of limitations. Therefore, any matter impacting Dr. Yost's credibility is irrelevant. Furthermore, the district court is not permitted to assess credibility at the summary judgment stage, and so did not rely on the Wolcoffs' assertions in reaching its conclusion above. The references are hereby stricken from the Wolcoffs' opposition brief.

---

[23]*Id.* at 291.

[24]*Hensley*, 531 F.3d at 1058.

## V. CONCLUSION

For the reasons stated above, Dr. Yost's motion at docket 89 is **GRANTED**.

Further, Dr. Yost's motion at docket 107 is **GRANTED** as discussed above.

DATED at Anchorage, Alaska, this 11th day of August 2010.

                                              /s/**JOHN W. SEDWICK**
                                              JOHN W. SEDWICK
                                              UNITED STATES DISTRICT JUDGE