# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT H. WOLCOFF and HEATHER WOLCOFF,

        Plaintiffs,

  v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:08-cv-00032-SLG

## ORDER RE MOTIONS FOR RULING OF LAW

On June 29, 2012, the plaintiffs filed a Motion for Ruling of Law.[1] The government filed an opposing Motion for Ruling of Law on July 23, 2012.[2] Both motions have been fully briefed and oral argument was held on August 24, 2012.[3]

In 2005, Mr. Wolcoff sought medical treatment for back pain at the Alaska Native Medical Center ("ANMC"), a federally-funded hospital. He was operated on at that facility, allegedly negligently, by Dr. Ann Marie Yost.[4] Dr. Yost was dismissed from this action on August 12, 2010 in an order granting summary judgment to her based on a finding that the statute of limitations had run as to any claims the plaintiffs could have

---

[1] Docket 182.

[2] Docket 193.

[3] Docket 209.

[4] *See* Docket 111 at 2.

asserted against her.[5] In that same summary judgment ruling, the district court also held that Dr. Yost was acting as an independent contractor and not as an ANMC employee at the time she treated Mr. Wolcoff.[6] The present motions bear on the potential liability of the government, the remaining defendant, for Dr. Yost's actions under the Federal Tort Claims Act ("FTCA").[7]

The plaintiffs' motion seeks a ruling "that a hospital has a non-delegable duty to provide non-negligent medical care to a patient in the operating room when the patient looks to the hospital as an institution, rather than any particular physician, for care and the patient is treated by a physician selected by the hospital."[8] The government presents the issue somewhat differently: it argues that the limited waiver of sovereign immunity set forth in the FTCA does not extend to the imposition of vicarious liability for acts by an independent contractor. Thus, the government asserts that the "plaintiffs' claims based on the alleged actions of Dr. Yost must be dismissed due to lack of subject matter jurisdiction under the FTCA."[9]

---

[5] See Docket 111 (Order and Opinion granting summary judgment to Dr. Yost); Docket 148 (Mem. No. 10-35805 (9th Cir. Sept. 8, 2011) (affirming district court's grant of summary judgment).

[6] See Docket 111 at 6-7 (trial court ruling that Dr. Yost acted as an independent contractor). However, this issue was not addressed by the Circuit Court in the appeal of the summary judgment ruling. In this regard, the Ninth Circuit held, "Dr. Yost's alleged status as an independent contractor is a defense relevant only to the Wolcoffs' FTCA claim and thus belongs to the United States – the sole proper defendant to that claim. See 28 U.S.C. § 2679(b)." Docket 148 at 5.

[7] 28 U.S.C. § 1346(b).

[8] Pls.' Mem. in Supp. at 1-2 (Docket 183).

[9] Def.' Motion for Ruling of Law at 2. (Docket 192).

3:08-cv-00032-SLG, *Wolcoff v. USA*
Order re Motions for Ruling of Law
Page 2 of 7

## DISCUSSION

The FTCA accords the district courts exclusive jurisdiction over

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[10]

The FTCA provides a limited waiver of the federal government's sovereign immunity. It allows the government to be sued for the negligent or wrongful acts of government employees, subject to certain exceptions.[11] If immunity has been waived, the FTCA provides that the government is liable in the same manner and to the same extent as that of a private individual in like circumstances in accordance with the law of the place where the act or omission occurred.[12] But the FTCA's waiver "does not include any contractor with the United States."[13] As a result, the FTCA does not waive the government's sovereign immunity from vicarious liability for the negligence of an employee of an independent contractor.

As explained by the United States Supreme Court:

> Congress, of course, could have left the determination as to whose negligence the Government should be liable for under the Federal Tort Claims Act to the law of the State involved, as it did with other aspects of liability under the Act. But it chose not to do this, and

---

[10] 28 U.S.C. § 1346(b).

[11] 28 U.S.C. §§ 2671 *et seq.*

[12] 28 U.S.C. § 1346(b).

[13] 28 U.S.C. § 2671.

3:08-cv-00032-SLG, *Wolcoff v. USA*
Order re Motions for Ruling of Law
Page 3 of 7

> instead incorporated into the definitions of the Act the exemption from liability for injury caused by employees of a contractor. While this congressional choice leaves the courts free to look to the law of torts and agency to define "contactor," it does not leave them free to abrogate the exemption that the Act provides.[14]

The plaintiffs' proposed order seeks application of the Alaska Supreme Court's decision in *Fletcher v. South Peninsula Hospital*, 71 P.3d 383 (Alaska 2003) to this case.[15] The *Fletcher* case observed, without deciding, that a hospital may have "a non-delegable duty outside the emergency room in cases in which the hospital selects the physician."[16] The *Fletcher* case followed from the Alaska Supreme Court's decision in *Jackson v. Power.*[17] In *Jackson*, the plaintiff Mr. Jackson was examined in a hospital emergency room after falling from a cliff. He was seen by Dr. Power, an independent contractor with the hospital. Dr. Power was alleged to have initially failed to detect damage that the fall had caused to Mr. Jackson's kidneys and, as a result of this failure, Mr. Jackson lost both kidneys. Drawing an analogy to the duty an airline owes its passengers, the Alaska Supreme Court held that the hospital had a "non-delegable duty" to provide non-negligent physician care in its emergency room, and thus was "vicariously liable as a matter of law for any negligence or malpractice" by the doctor."[18] The court limited its holding "to those situations where a patient comes to the hospital,

---

[14] *Logue v. United States*, 412 U.S. 521, 527 (1973).

[15] Pls.' proposed Order Granting Plaintiffs' Motion for Ruling of Law at 1 (Docket 182-1).

[16] *Fletcher v. South Peninsula Hosp.*, 71 P.3d 833, 839 n.26 (Alaska 2003).

[17] 743 P.2d 1376 (Alaska 1987).

[18] *Jackson*, 743 P.2d at 1384-85.

3:08-cv-00032-SLG, *Wolcoff v. USA*
Order re Motions for Ruling of Law
Page 4 of 7

as an institution, seeking emergency room services and is treated by a physician provided by the hospital."[19]

The Wolcoffs have also cited to *Dickerson, Inc. v. United States*, a case in which the Eleventh Circuit held that because Florida law created a non-delegable duty of reasonable care for employers who hired contractors to engage in inherently dangerous activities, the FTCA's independent contractor exception would not insulate the government from "a duty of reasonable care to take precautions ensuring that the independent contractor carries out the task in a non-negligent manner."[20] But the basis for liability in that case was not the alleged negligence of the independent contractor; rather, it was the alleged failure of the government employees to ensure that the government contractor had performed its inherently dangerous work in a non-negligent manner.[21] Although *Dickerson* is an Eleventh Circuit case, Ninth Circuit case law also demonstrates that where state law creates a non-delegable duty to oversee the actions of contractors, the government is not necessarily immune from all claims. But for such claims to be actionable under the FTCA, they must derive from allegedly negligent actions of government employees.[22]

---

[19] *Jackson*, 743 P.2d at 1385.

[20] *Dickerson*, 875 F.2d 1577, 1583-84 (11th Cir. 1989).

[21] *Dickerson,* 875 F. 2d at 1583.

[22] *See McCall v. Irby Constr. Co.*, 914 F.2d 191, 194 (9th Cir. 1990) (government's liability must rest on the negligence of the government's employees, not the contractor's, based on "breach of a nondelegable duty to see that an independent contractor carries out inherently dangerous activities in a nonnegligent manner."); *Rooney v. United States*, 634 F.2d 1238, 1244 (9th Cir. 1980) (holding that California's imposition of a "nondelegable duty of due care on the employer of an independent contractor where the work to be performed involves special dangers" may support government liability for breaching a non-delegable duty of government employees to insure adequate safety precautions were taken by a contractor).

3:08-cv-00032-SLG, *Wolcoff v. USA*
Order re Motions for Ruling of Law
Page 5 of 7

The Alaska Supreme Court has termed liability for non-delegable duties as vicarious liability in both *Jackson* and *Fletcher*.[23] But in the context of the Federal Tort Claims Act, and the potential scope of government liability, this court relies upon the analysis of the Circuit Courts. In particular, the Ninth Circuit has held that any government "liability for breach of [a non-delegable] duty is neither strict nor vicarious liability. It is not liability for the contractor's failure to exercise due care . . . It stems from the duty of the contractor's employer [i.e. the government] to exercise reasonable care to see that the contractor abides by his responsibilities in that respect."[24]

Based on the Alaska court's holding in *Jackson* and its later description of that holding in *Fletcher*, it appears Alaska law supports vicarious liability of a hospital for the actions of independent contractors, at least in certain emergency room settings.[25] But the FTCA's limited waiver of sovereign immunity expressly precludes the imposition of vicarious liability against the government for the actions of independent contractors such as Dr. Yost. Stated differently, the FTCA precludes the imposition of liability upon the government based solely upon a showing that Dr. Yost was negligent. The FTCA requires that any actionable breach of duty by ANMC must arise from a breach of duty by employees of the government, and not from alleged negligence on the part of an independent contractor.

---

[23] *See Fletcher*, 71 P. 3d at 838; Jackson, 743 P.2d at 838.

[24] *McGarry v. U.S.,* 549 F. 2d 587, 590 (9th Cir. 1976).

[25] *But see* AS 09.65.096, enacted after the *Jackson* decision, which limits such liability of hospitals if the hospital complies with certain notice and insurance requirements

3:08-cv-00032-SLG, *Wolcoff v. USA*
Order re Motions for Ruling of Law
Page 6 of 7

The extent to which Alaska law and the facts of this case might support a claim that ANMC employees breached a non-delegable duty of reasonable care to take precautions to insure that Dr. Yost carried out her tasks in a non-negligent manner is not directly before the court at this time.

## CONCLUSION

For the foregoing reasons, this court GRANTS the government's Motion for Ruling of Law at docket 193, and finds that the United States is not subject to vicarious liability for any negligence by Dr. Yost, and DENIES the plaintiffs' Motion for Ruling of Law at docket 182.

DATED at Anchorage, Alaska this 4th day of September, 2012.

/s/ *Sharon L. Gleason*
United States District Judge

3:08-cv-00032-SLG, *Wolcoff v. USA*
Order re Motions for Ruling of Law
Page 7 of 7